UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES CHRISTOPHER REED, <br> Plaintiff, <br> v. <br> UNKNOWN, <br> Defendant. | Case No. 19-cv-07937-VKD <br><br> **ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; GRANTING LEAVE TO AMEND** |

Pro se plaintiff Charles C. Reed, a state prisoner at the Salinas Valley State Prison ("SVSP"), filed this civil rights action for an injury that occurred at SVSP. Dkt. No. 1. Mr. Reed has consented to magistrate judge jurisdiction. Dkt. No. 2.

**I.    STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. DISCUSSION

### A. Plaintiff's Claims

Mr. Reed claims that on January 22, 2019, he was working in the central kitchen at SVSP as a "vegetable room worker." Dkt. No. 3. He claims that he was given the use of a machine (a slicer) to cut cucumbers when he accidentally cut off the side of one of his fingers, resulting in severe injury. *Id.* He was later informed that he could no longer work in the kitchen, and that he should file a workman's compensation claim. *Id.* Plaintiff filed a claim with the state but was informed that the "CDC" did not have insurance and that his "information may not be safe." *Id.* He seeks damages for the deformity of his finger, the loss of work, and severance from work duties. *Id.*

The complaint is deficient because Mr. Reed fails to satisfy the two elements to establish a § 1983 claim: (1) the violation of a constitutional right, and (2) the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 at 468. There are no allegations with respect to the violation of a constitutional right, and Mr. Reed names no individual defendants who are liable for the injury he suffered. Dkt. No. 2. To the extent that Mr. Reed may be asserting that the requirements of his job led to the injury, the Eighth Amendment is implicated in prison work claims only if the prisoner has alleged that he was compelled to perform "'physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.'" *Morgan v. Canady*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Berry v. Bunnel*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam)). There are no allegations in this regard. Secondly, Mr. Reed names no individual defendants who are responsible for his injury. Mr. Reed shall be granted leave to file an amended complaint to correct these deficiencies. In preparing an amended complaint, he should keep the following principles in mind.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life

2

such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297, 298 (1991)). Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835–37 & n.4. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See id.* at 837.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he performs an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003–04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that

conclusory allegations that supervisor promulgated unconstitutional policies and procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

### III. CONCLUSION

For the foregoing reasons, after screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that the complaint as pled fails to state a claim and fails to name any defendants. Mr. Reed may file an amended complaint to attempt to correct the deficiencies discussed above **no later than twenty-eight (28) days from the date this order is filed**. The amended complaint must include the caption and civil case number used in this order, No. C 19-cv-07937 VKD, and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Mr. Reed must answer all the questions on the form in order for the action to proceed.

Mr. Reed is advised that the amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims, and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Mr. Reed fails to file an amended complaint in the time, or the amended complaint fails to cure all defects described above, the Court will issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed in part for the reasons described above.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order to Mr. Reed.

**IT IS SO ORDERED.**

Dated: April 1, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge