UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES CHRISTOPHER REED,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | Case No. 19-cv-07937-VKD<br><br>**ORDER SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; GRANTING LEAVE TO AMEND** |

Pro se plaintiff Charles C. Reed, a state prisoner at the Salinas Valley State Prison ("SVSP"), filed this civil rights action for an injury that occurred while working in the prison kitchen. Dkt. No. 1. Mr. Reed consented to magistrate judge jurisdiction. Dkt. No. 2. After an initial screening, the Court dismissed the complaint with leave to amend for Mr. Reed to correct deficiencies in the original complaint. Dkt. No. 9. Mr. Reed filed an amended complaint. Dkt. No. 10.

## I.   STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

1   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
2   violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.
3   42, 48 (1988).

**II.   DISCUSSION**

   **A.   Plaintiff's Claims**

Mr. Reed claims that on April 22, 2020, he was working in the kitchen, presumably at SVSP where he is currently incarcerated. Dkt. No. 10 at 1. He claims that Supervisor Jimenez told him to cut cucumbers. *Id.* Mr. Reed asked to use the slicer; it is unclear whether this slicer was broken. *Id.* Mr. Reed states that he was "allowed to use the slicer under complaint of possessing the machines at all," and that he used the machine "with no knowledge." *Id.* Mr. Reed claims Supervisors Fagan, Conway, Raymond, and "CO's" Benefield, Watson, and Hidd "were in agreement and knew we had work." *Id.* Mr. Reed claims he "immediately cut off the side of [his] finger and had no choice but to leave the work area immediately and go to the medical clinic" and that "from there [he] was transported to the infirmary, and diagnosed with a slight amputation." *Id.* at 1–2. He was later informed that he should file a workman's compensation claim, but when he did so, the state informed him that the CDC was uninsured. *Id.* at 2. Mr. Reed claims that his work privileges were taken away, and he was not allowed to choose other work during this period. *Id.* He seeks damages. *Id.*

The Eighth Amendment is implicated in prison work claims only if the prisoner has alleged that he was compelled to perform "'physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.'" *Morgan v. Canady*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Berry v. Bunnel*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam)). Here, Mr. Reed's allegations regarding work conditions resulting in injury are too vague to establish whether he meets this standard. For example, it is unclear where the "slicer" he worked on was broken and that the supervisors knew that it was broken. Nor has he clearly alleged that he was "compelled" to perform the work that resulted in his injury. For example, he alleges that he "did not choose the lesser instrument a knife and used the machine," which implies he had a choice as to how he could slice the cucumbers. Lastly, although he names specific individuals, e.g.,

supervisors and "CO's," he fails to allege how their actions actually or proximately caused his injury. In the interest of justice, Mr. Reed shall be granted one final opportunity to file a second amended complaint to correct these deficiencies. Mr. Reed must use the court form to file a second amended complaint and provide all the information required therein, including the exhaustion of administrative remedies. In preparing the second amended complaint, he should keep the following principles in mind.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *Farmer*, 511 U.S. at 832. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297, 298 (1991)). Neither negligence nor gross negligence will constitute deliberate indifference. *Id.* at 835–37 & n.4. A prison official cannot be held liable under the Eighth Amendment for denying a prisoner humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to prisoner health or safety. *See id*. at 837.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he performs an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in

the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003–04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional policies and procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

### III.   CONCLUSION

For the foregoing reasons, after screening the amended complaint pursuant to 28 U.S.C. § 1915A, the Court finds that the amended complaint as pled fails to state a claim. Mr. Reed may file a **second amended complaint** to attempt to correct the deficiencies discussed above **no later than twenty-eight (28) days from the date this order is filed**. The second amended complaint must include the caption and civil case number used in this order, No. C 19-cv-07937 VKD, and the words "SECOND AMENDED COMPLAINT" on the first page. In using the court form complaint, Mr. Reed must answer all the questions on the form in order for the action to proceed.

Mr. Reed is advised that the second amended complaint will supersede the original and first amended complaints, these being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the second amended complaint are no longer claims, and defendants not named in the second amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Mr. Reed fails to file a second amended complaint in the time provided, or the second amended complaint fails to cure all defects described above, the Court will issue an order reassigning the case to a district judge with a recommendation that the action be dismissed for the reasons described above.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order to Mr. Reed.

**IT IS SO ORDERED.**

Dated: September 28, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge