1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES CHRISTOPHER REED,

               Plaintiff,

     v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

          Defendants.

Case No.  19-cv-07937-EMC

**ORDER OF DISMISSAL**

Docket No. 12

## I.  INTRODUCTION

Charles Christopher Reed, a prisoner at the Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain about events and omissions at the prison. The Court dismissed the complaint with leave to amend, and later dismissed the amended complaint with leave to amend, so that Mr. Reed could cure several pleading deficiencies.  He then filed a second amended complaint, which is now before the Court for review under 28 U.S.C. § 1915.

## II.  BACKGROUND

Mr. Reed alleges the following in his second amended complaint.  On April 22, 2019, he was an assigned "vegetable worker" in the Salinas Valley main kitchen, where there was no "lead man" assigned to the vegetable room.  Docket No. 12 at 2.  On that day, one of Mr. Reed's duties was to cut cucumbers; he chose a meat slicer to perform the task.  Docket No. 12 at 3.  (In his amended complaint, Mr. Reed alleged that he chose to use the meat slicer instead of a knife for the task.  Docket No. 10 at 1.)  "The slicer was fully functioning."  Docket No. 12 at 3.  Mr. Reed sliced the first bunch of cucumbers without incident.  Then, he "cut the side of [his] finger

immediately as [he] started the second bunch." *Id.* He went to the infirmary for treatment; the infirmary staff was unable to re-attach the portion of his finger that he had sliced off. Mr. Reed returned to work, but was told he could not work anymore at that point, and was told to fill out a worker's compensation form. He filled out the form and eventually learned that the "department" was not insured so he would not receive compensation but could receive medical visits. *Id.*

### III. <u>DISCUSSION</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer*, 511 U.S. at 832. A plaintiff alleging that conditions of confinement amount to cruel and unusual punishment prohibited by the Eighth Amendment must satisfy a two-prong test. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, a plaintiff must satisfy an objective test showing that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the

objective component of an Eighth Amendment claim, courts consider the circumstances, nature, and duration of the deprivation. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Second, the plaintiff must show that the prison official inflicted the deprivation with a "sufficiently culpable state of mind," that is, with "deliberate indifference" to his health or safety. *Farmer*, 511 U.S. at 834. The deliberate indifference standard requires that the official know of and disregard an excessive risk to inmate health or safety. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

"[T]he Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to 'perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.'" *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994) (per curiam)); *see also Wallis v. Baldwin*, 70 F.3d 1074 (9th Cir.1995) (analyzing under the Eighth Amendment a prisoner's claim that his health was endangered when he was forced to remove asbestos without protective gear).

The second amended complaint fails to state a claim for an Eighth Amendment violation, as both prongs of an Eighth Amendment claim are missing. Using a meat slicer, especially one that is not alleged to have been broken or defective, does not amount to an objectively serious condition. *Compare Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996) (defective prison oven, by itself, does not create objectively insufficiently humane condition in violation of the Eighth Amendment), *and id.* at 938 (noting that "minor safety hazards were found not to violate the Eighth Amendment" in earlier cases involving the existence of a greasy staircase which caused a prisoner to slip and fall, the failure to repair leaking dishwasher which resulted in a pool of soapy water in which prisoner slipped, and a slippery kitchen floor), *with Morgan*, 465 F.3d at 1044, 1046 (summary judgment on Eighth Amendment claim properly denied in case brought by prisoner whose thumb was torn off by a printing press that was known to have loose chains that "caused the press to buck and shake"), *and Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (requiring inmates to clean from attic material known to contain dangerous asbestos without

United States District Court
Northern District of California

protective gear demonstrated deliberate indifference).  Several months ago, in dismissing the amended complaint, the Court explained that Mr. Reed had not, for example, alleged that the slicer was broken, or that supervisors knew it was broken, or that he was compelled to use the slicer. Docket No. 11 at 2.  Mr. Reed thereafter added no facts to the description of the event in his second amended complaint, and simply stated again that he used slicer and cut his finger while doing so.  His allegation that he cut his finger after cutting one bunch of cucumbers without incident does not suggest there was a problem with the slicer.  Mr. Reed does not allege an objectively serious condition necessary for an Eighth Amendment claim.

The second amended complaint also does not allege that any prison official acted with the requisite mental state of deliberate indifference, i.e., that a prison official knew of and disregarded an excessive risk to Mr. Reed's health or safety.  *See Farmer*, 511 U.S. at 837.  Indeed, Mr. Reed's allegations indicate that there was no lead man that day and that Mr. Reed chose to the use the slicer over a knife that was available.   He has not identified any wrongdoing by any prison official.

Further leave to amend will not be granted because it would be futile.  The court dismissed the complaint and the amended complaint with leave to amend, explaining both times that Mr. Reed had failed to allege an objectively serious condition or deliberate indifference by any prison official that was necessary to state a claim for an Eighth Amendment violation.  *See* Docket Nos. 9, 11.  In light of his inability or unwillingness to cure these problems when earlier instructed to do so, there is no reason to believe that Mr. Reed would be able to cure these problems in a third amended complaint.

Mr. Reed does not allege any facts suggesting that anyone was deliberately indifferent to his serious medical needs in the treatment he received after he cut his finger.  The later denial of worker's compensation benefits for Mr. Reed does not amount to a constitutional violation that is a necessary element of a claim for relief under §1983.  The denial of worker's compensation benefits might give rise to a state law claim, but such a claim must be pursued in state court because no claim is stated that would give the federal court original jurisdiction over this action.

1

## IV.    <u>CONCLUSION</u>

2      This action is dismissed for failure to state a claim upon which relief may be granted.  The

3  Clerk shall close the file.

4

5      **IT IS SO ORDERED**.

6

7  Dated: January 22, 2021

8

9  _____

10  EDWARD M. CHEN
   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California